UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY L. PATINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-07232-RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, AND DENYING MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Penny L. Patino, appearing *in pro se*, brings this action against various entities that apparently are involved in efforts to foreclose on properties owned by Patino. Pursuant to Civil Rule 7-1(b), defendants' motions to dismiss have been submitted without oral argument, as has a motion brought by Patino seeking entry of default judgment against defendant Clear Recon Corp.

The motions to dismiss are granted. As a threshold matter, Patino has not alleged a basis for jurisdiction in federal court. Although aspects of her pleading are unclear, the complaint quite explicitly only advances claims under state law.[1] The first "cause of action" alleges a violation of

---

[1] Counsel appearing on Patino's behalf previously filed a First Amended Complaint. When that counsel moved to withdraw, and Patino disavowed the First Amended Complaint, it was ordered stricken. Accordingly, the operative pleading is the original complaint filed by Patino *in pro se*.

California Civil Code §2923.55.[2]  The second "cause of action" asserts defendants failed to comply with California Civil Code §2924(a)(6).[3]  The third cause of action merely requests declaratory relief, based on the preceding claims.  None of these allegations or legal theories, even if otherwise adequately pleaded, would arise under federal law. Furthermore, the complaint neither asserts diversity jurisdiction nor pleads any factual basis for such jurisdiction.  Accordingly, the complaint must be dismissed for lack of federal jurisdiction.

Although the court cannot reach the merits of the claims in the absence of grounds for jurisdiction, Patino is advised that the complaint is insufficient to state a claim in any event. Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  The first part of this requirement—"a short and plain statement of the claim" — cannot be read without reference to the second part —"*showing* that the pleader is entitled to relief."  The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.  Here, while the complaint contains invective directed at defendants and conclusory assertions that certain Notices of Default are "void," it does not contain allegations of fact sufficient to show that Patino would be entitled to relief, even if there were a basis for federal jurisdiction.

In light of Patino's status as a *pro se* litigant, she will be given an opportunity to amend her complaint, in the event she has a good faith basis to assert federal jurisdiction.  In the event Patino

---

[2] The complaint gives only the section number.  That the reference is intended to be to the California Civil Code is clear from context.

[3]  The complaint omits the reference to "(a)," as well as to the name of the code. Again, the intent is plain from context.

lacks a basis for federal jurisdiction, as seems likely, this dismissal is without prejudice to her ability to refile in state court. Accordingly, no later than September 22, 2017, Patino shall either file an amended complaint or shall file a request for dismissal of the action, so that she may pursue any claims in state court.

Patino's request for a default judgment to be entered against defendant Clear Recon Corp is denied. In the absence of a basis for federal jurisdiction, no such judgment would be appropriate in any event. Even if that were not so, however, the Clerk of Court properly rejected Patino's request for entry of default against Clear Recon. Clear Recon filed a responsive pleading in this action. See Docket No. 31 ("Defendant Clear Recon Corp's Declaration of Non-Monetary Status).[4] There are not grounds for entry of default, much less default judgment.

The Case Management Conference is hereby continued to November 9, 2017, at 10:00 a.m.

**IT IS SO ORDERED**.

Dated: August 31, 2017

_____
RICHARD SEEBORG
United States District Judge

---

[4] The declaration asserts it is filed pursuant to California Civil Code §29241. The Court expresses no opinion as to whether defendants may properly avail themselves of that California procedural device in federal court, although it plainly serves salutary purposes. Whether or not a defendant could be compelled to provide some other kind of answer, the filing of such a declaration is sufficient to preclude entry of default.

CASE NO. 16-cv-07232-RS
3